**Rafael ROA–FIGUEROA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–73316.

United States Court of Appeals, Ninth Circuit.

Submitted June 26, 2012.*

Filed July 2, 2012.

Christy A. Chouteau, Esquire, Aguirre Law Group, San Diego, CA, for Petitioner.

Matt Crapo, Richard M. Evans, Esquire, Assistant Director, Oil, Michelle Gorden Latour, Esquire, Assistant Director, U.S. Department of Justice, Washington, DC, District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, San Diego, CA, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

MEMORANDUM **

Rafael Roa–Figueroa, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dis-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

missing his appeal from an immigration judge's decision denying his application for cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Vasquez de Alcantar v. Holder,* 645 F.3d 1097, 1099 (9th Cir.2011), and review for substantial evidence the agency's factual findings, *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 850–51 (9th Cir.2004). We deny the petition for review.

The agency properly concluded that Roa–Figueroa was ineligible for cancellation of removal because he failed to meet the seven-year continuous physical presence requirement. *See* 8 U.S.C. § 1229b(a)(2), (d)(1) (requiring seven years of continuous residence after having been "admitted in any status" and stopping accrual upon service of a Notice to Appear ("NTA")).

Substantial evidence supports the agency's finding that Roa–Figueroa was properly served with his NTA where the signed certificate of service indicates it was personally served on him. *See* 8 C.F.R. § 1003.13; *Kohli v. Gonzales,* 473 F.3d 1061, 1068 (9th Cir.2007) (applying a presumption of regularity regarding the official acts of public officers). Roa–Figueroa's contention that his NTA was invalid because it did not specify the time and place of his initial removal hearing is foreclosed by *Popa v. Holder,* 571 F.3d 890, 895–96 (9th Cir.2009).

Neither Roa–Figueroa's filing of an application for legal permanent residence nor his receipt of advanced parole constitute admission "in any status" for purposes of cancellation of removal. *See Vasquez de Alcantar,* 645 F.3d at 1103 (mere filing for legal permanent residence status does not constitute an admission "in any status");

*Altamirano v. Gonzales,* 427 F.3d 586, 590–91 & n. 4 (9th Cir.2005) (a parolee has neither been admitted nor made a lawful entry into the United States).

**PETITION FOR REVIEW DENIED.**